ROBERT ROGERSON *versus* NATHAN W. NEAL *et al.*

Where the liability of the defendants in an action upon a promissory note had been tried on the merits in a former action against them in the name of the plaintiff's agent, upon the same note, and the note had been put upon the clerk's files, the Court, in the exercise of its discretion, would not permit the plaintiff to take the note from the files in order to produce it in evidence in the subsequent action, nor allow him to give secondary evidence of its contents.

ASSUMPSIT on two promissory notes alleged to have been made by the defendants, one of them being payable to J. W. Paige or order, the other, to G. Searle or order, and to have been indorsed to the plaintiff. Plea, the general issue.

At the commencement of this term, the plaintiff and Paige and Searle presented a petition for liberty to take the notes from the files of the Court, the same having been read in evidence and submitted to the jury by one French, at a former term, on the trial of an action by French against some of the same defendants, in which a verdict was rendered for the defendants, and the notes were filed in the usual manner. The petitioners alleged, that the notes were never indorsed to French except as their agent, nor in any manner so as to pass the property or title to him, or enable him to sue or recover upon them in his own name ; and that the notes were not legally included in or bound by the judgment in the action of French.

Upon the opening of this case, the plaintiff moved for liberty to take the notes from the files with leave to offer the same in evidence in this suit. But *Wilde* J., before whom the case was tried, refused to permit them to be taken from the files, on the ground that the merits of this case had been tried in the former suit.

The plaintiff then offered to give evidence that the notes were impounded, so that they could not by law be obtained to be produced in evidence in this suit, and he proposed to give secondary evidence of their contents, and of his title to the notes, and that they were unpaid and had never been indorsed to French. But the judge refused to admit this evidence.

Whereupon the plaintiff became nonsuit, subject to the opinion of the whole Court.

If the ruling of the judge was wrong in either of the above particulars, a new trial was to be granted ; otherwise the nonsuit was to stand.

*Fletcher*, for the plaintiff.

*S. Hubbard* and *C. P. Curtis*, for the defendants.

*Per Curiam.* Whether a paper on the files of the Court shall be withdrawn, is always a matter of discretion with the Court. There are many cases in which an application for that purpose would be refused. The liability of these defendants upon the notes in question, was tried in the former suit, and upon the merits, and under circumstances favorable for the plaintiff, and it would be improper to grant him an opportunity to try the question over again. It is no answer to say that the defendants could avail themselves of the judgment in that suit, in defence to the present action.

*Nonsuit to stand*